Okay, Mr. Lippe. Thank you, Your Honor. May it please the Court. This case presents what we believe to be a travesty in terms of the total disregard by the trial court of the principle that this Court has repeatedly emphasized that motions for continuance to obtained discovery in response to a pending motion for summary judgment should be granted almost as a matter of course. Well, but you still have to show specifically what you want. That's first, and second, why it's necessary. I'm not sure that was done here. In other words, there's nothing automatic about the granting of a motion under that subsection of the rule. It's not automatic. The Court's correct. And there is a requirement that there be a demonstration of what discovery was needed. I respectfully assert that in Document 588 filed with the trial court that there were five areas of discovery that were specifically delineated by the non-movement about the discovery that was needed. Facial discrepancy between the note and the guarantee, identification of the owner of the note, the payee of the note. There was a challenge to the personal knowledge of the affiant. It was the attorney who claimed to be the liquidator, and he was claiming just in the most conclusory fashion, well, gee, I've got personal knowledge. There's no demonstration of his basis for personal knowledge. The case that was cited by the magistrate in overruling the motion to strike was that, oh, well, Texas law recognizes that a bank officer who has personal knowledge of the transaction can sign an affidavit. And that's true. If there's a bank officer and he or she has knowledge, actual knowledge of what transpired, sure, they can sign an affidavit. There's nothing to demonstrate that the attorney for the intervener, PBL, had a basis for any personal knowledge. And there's no explanation of what a liquidator was in this context for this entity. It had conclusory allegations that they wanted to test. Discovery was needed as to the reason for stopping the funding under the note. Only about half of the $5 million that was committed was funded, and additional discovery to develop the damages pursuant to the counterclaim. So the court is absolutely correct. It's not an automatic granting of additional time. But in this situation, the trial court said, well, you weren't diligent. Well, it was a very convoluted case, and I know the court has read the briefs, but the underlying case that the interveners came into had been pending for quite some period of time. There was a four-year time gap between when the intervention was filed, a counterclaim was filed, to which no answer was ever filed. No answer was ever filed. Under the default rules, they're deemed to have admitted the allegations in the counterclaim. It goes unanswered for four years. The parties entered into a settlement where it was anticipated that funds in the registry of the court would resolve the claim of the intervener, and that ended up not happening. And so out of the blue, with no advance warning, they filed their motion for summary judgment, and immediately the intervention defendants, the appellants here, filed their Rule 56D motion. They filed their responses, and they filed the declaration that supported the counterclaim. So first of all, I won't repeat all the case law that as recently as 2016, we found cases from this court that have reiterated the principle that motions for continuance to obtain discovery should be broadly favored, and the court is well aware of those. But what was the situation here? We had objections to an affidavit who had not demonstrated what the basis was of his so-called personal knowledge. There was a variation between the payee identified in the note versus the plaintiff in the intervention case. No explanation given for that other than the FKA indication on the pleading, which is hardly evidence. It's just the way the plaintiff chose to style his case. So, yes, there were disputes that were material. Now, one thing that was very important in the trial court and that had to be emphasized was that although this is a guarantee instrument, and I'm sure the court's very well aware of the dangers that a guarantor faces when he or she signs such a document, the way banks have waivers and all that put into them, this instrument was written to be under New York law. The case law that was cited to the district court pointed out that under New York law, citing Cooperative Central, Ruff-Elson, Borland Bank, BA versus Navarro at 36 Northeast 3rd 80, in 2015 the Court of Appeals of New York held that wrongful post-execution conduct of the lender can be a basis for a defense by the guarantor. So there's case law under New York law, the law selected by the note holder, to support the fact that there is this defense. Well, what about the damages of the counterclaim? Here's the second instance of the travesty that occurred. The magistrate judge struck and refused to consider Mr. Hill's declaration, claiming that it was filed in bad faith. Well, if you read the declaration, I mean, it's one thing to say that somebody said something that's false and, gee, that's bad faith, and I recognize that if that's exactly what happens, that the court has discretion under Rule 56. But if you read the declaration, nowhere does it say, I lost these specific attorneys because of the failure to fund. It does not say that. Instead, what the declaration said was that I was unable to continue paying attorneys. The court before whom this motion for sermon judgment was pending by the intervention plaintiffs is the same court that had disqualified Mr. Hill's prior counsel. So, no, he's not going to hide the fact from this court that you made a ruling years earlier. Of course it's not going to be done, and nothing in that declaration said to the contrary. That's important. The magistrate judge absolutely abused her discretion by striking that declaration. Instead, what he said was that because I wasn't getting this additional $2.5 million, I was unable to fund by hiring attorneys on an hourly basis to fund my pursuit of the litigation. It was extremely complex, extremely hard-fought, long-pending litigation with a large family dispute, and it required a lot of money to fund if it's going to be done on an hourly basis. That's why there was a $5 million note obtained. That's why this procedure was followed to get that funding for the litigation. And because it wasn't done, Mr. Hill had to go to attorneys on a contingency basis, and he has testified in his declaration, as a direct result of the failure to deliver remaining funds on the revolving credit note, I entered the aforementioned contingency agreements with the lawyers that he then later obtained. So that is a demonstration of harm. The exact quantification, that was one of the bases for the 56D motion. I need to get an expert to be able to give me an exact evaluation as to how much those damages were, and that's legitimate. What was this? It was a third-party beneficiary contract, clearly. Yes, there was one borrower, Autre, and there was one guarantor, Mr. Hill individually, but if you read the documents, the note agreement says this is being guaranteed by the sole owner of the note maker. If you read the guarantee, it says I've got an interest in the underlying transaction because I own the transaction, because I own the entity that's the borrower. So the interest was disclosed. There is absolutely no question as to what the purpose was of the loan. It was to fund litigation that was expensive and ongoing and protracted. New York law recognizes third-party beneficiary contracts. Fourth, Ocean Putnam Corporation v. Interstate Wrecking Company, 66 New York 2nd 38 at pages 44 to 45 in 1985. The New York Court of Appeals recognizes that there is a third-party beneficiary contract. So the contract to fund was with Autre. The guarantor was a beneficiary, clearly disclosed, clearly known to the lender. The whole purpose of the loan transaction was to fund the litigation for Mr. Hill. The lender knew that. The lender structured the documents in this fashion. Now, we're not waiving by not emphasizing all the other arguments that were raised in our brief. So you've saved everything that's in your brief? Yes, Your Honor, because time is obviously limited. But it must be emphasized that we continue to assert that there was an abandonment by PBL of its claims because they just waited around so long. There were problems with the attorney affidavit that was signed and improper reliance by the trial court upon both the magistrate judge and the district judge in relying upon that affidavit. The simple fact that I tender a note to the court doesn't necessarily prove that I'm the same person that that note is made payable to, and that doesn't provide the necessary grounding of personal knowledge. So there's a huge leap. Cases were cited in the briefing about how questionable it is to rely, at least in Texas practice, upon attorney affidavits. We're not in New York where they do it all the time. And then another point that I think needs to be emphasized is that if there was a question about the Hill Declaration, the original one filed with the magistrate and considered on the motion for summary judgment, in the appeal process to the district court there was a motion to supplement where a supplementary declaration was presented which explained the alleged discrepancy, explained what had been said and explained what was meant and explained how he got from point A to point B, and that was absolutely disregarded by the court. Case law was cited by Hill's counsel below, citing Freeman v. County of Bayer, 142 F. 3rd at 848 Fifth Circuit in 1998. So there was authority to consider the supplementary declaration. It was absolute error to strike it and disregard it. So what did we have? We had questions about the basis of the motion for summary judgment and the existence of personal knowledge to support the affidavit. We had— Your initial time has expired. You've saved time for rebuttal, Mr. Lippe. Thank you. Mr. Fishman. May it please the Court. The rules, briefing rules of this court require a statement as to the standard of review for each issue. As with most of the other rules of this court and of the courts below, the appellants chose to ignore that, leaving it to me to sort out the standard of review for all of these—for the four issues that were raised, some of which were raised in the trial court, some of which show up for the first time on appeal. And I must confess that I got tangled up in the standard of review. And essentially what is happening here is that the appellants are asking this court to sit as a trial court and make de novo findings of fact and de novo conclusions of law on every issue. I find it singularly inappropriate in that they chose to raise some issues in their appeal from the magistrate judge's decisions to the district court and they chose to abandon others. Then they chose to raise issues in this court that they didn't raise anywhere in the court below. And I advert specifically to the disqualification of Mr. Phillips' declaration in that respect. That's a brand new issue, and I suggest to the court that it's one that ought to be reviewed on the plain error standard. And I do not see that that particular claimed error rises to the level of plain error in that it does not implicate the fairness of the judicial process or even the public perception of fairness. I turn now, I think, trying to take the issues in order, to the appellant's motion for continuance. Counsel for appellants said in his opening oral argument that the defendant's or I guess the defendant's appellants immediately filed a Rule 56D motion. Perhaps counsels coming in at this stage is not totally familiar with the record, but this lawyer is. And the record is very clear that under the local rules of the Northern District, response to a motion for summary judgment is due within 21 days after the motion is filed. In this case, the response, which for the first time contained a Rule 56D motion, was filed two weeks after the deadline for filing a response to the motion for summary judgment. Why don't you move on to the substance of the Rule 56D motion. Okay. It's on the question of discovering as to who the owner of the note is. The styling of the case and the references in the evidence are that PBL is not a successor in interest. It is the original payee of the note. That's reinforced by the fact that the Phillips Declaration says that I have possession of the note and the books and records of PBL. Now, those can only be the books and records of the original payee of the note. And under the statutory presumption, Texas Business and Commerce Code, Article 3, Section 3.01 and Section 3.08, possession of the note raises an inference, a prima facie case, that the plaintiff is the owner and holder of the note. A fact that was overlooked by the appellants in their briefing. To further reinforce that, we contend that the appellants judicially admitted that PBL is the owner and holder of the note in asserting their counterclaim in which they claim that PBL breached the loan agreement. Now, how could one who was a stranger to the transaction breach the agreement? I don't mean to skip ahead, but while you mentioned the counterclaim, Mr. Lippy said there was never an answer filed to that. That's true. And at the same token, the case law or the rules, let's just talk about the rules, say that when you're a party to a case, you cannot be in default without having been given seven days' notice. That was never done in this case. No default judgment was entered. And based on the authorities, Your Honor, that we cite in our brief, you can't deprive the summary judgment holder of its victory based on a technicality of not having filed an answer previously. I believe the case we cited is virtually in point. It's hard to describe failure to file an answer as a technicality. I mean, the legal point that you're making may be valid, but it's hardly a technicality if you just don't answer something. Then I'll withdraw the term technicality. But nonetheless, it stands that under the case law that we cite, you can raise issues on summary judgment that you haven't previously pleaded. That would apply in this case. Moreover, as we observed earlier with the slight inundation of our statement to delete the word technicality, the fact that the court granted a summary judgment and that that summary judgment is good, it ought not to permit failure of the summary judgment plaintiff or summary judgment prevailing party to their victory simply because they did not previously file an answer. So, again, under the rules and under the applicable case law, the fact that PBL didn't file an answer to the counterclaim should not form a basis for reversal of the judgment in this case. Now, I want to talk for just a moment, since the issue was not previously raised in the briefing in this court, about the status of the guarantor and the question of damages. Again, that issue was raised in the court below but was not raised or briefed in this court. Otherwise, we would have responded to it in our brief. The point of the matter simply is this, as we see it. The Autry, or Autre, however it's pronounced, was not, didn't hire any lawyers. It was the party that executed the note. It was the maker of the note. So, but it didn't hire any lawyers, so it didn't have any damages. Mr. Hill, as a guarantor, was not a party to the note, although he claims that he suffered damages. So let me talk briefly about Mr. Hill's damages. The only issue that they raised with respect to that in the court below, and I'm not sure at this point whether this was one of the issues that they raised at the district court level or at the magistrate judge, district judge level or magistrate judge level. The point simply is this, that there, it's wishful thinking. The magistrate judge found and Judge Lindsey confirmed that the affidavit was made in bad faith and the parsing of the language attempted by counsel for the appellants simply doesn't hold water. Mr. Hill said in his declaration that I couldn't hire any lawyers because PBL quit funding. You know, it's totally belied by the record. Mr. Hill did go out and hire the Campbell Harrison Dagley firm on not exactly the same basis that he had previously hired Bickel and Brewer firm, but on a basis that was slightly better in his favor than the deal he had with Bickel and Brewer. So both the magistrate judge and the district judge found this declaration to be incredulous. And even on de novo review, I think this court must reach the same conclusion. The supplemental appendix that we filed in response to the belated response of the appellants to our motion for summary judgment contains the two contracts, one with Bickel and Brewer, the other with the Campbell Harrison firm. And it doesn't, there aren't any material differences between the two. So how can he say I couldn't hire lawyers when he did and he got a better deal? So the damages issue, there's no fact issue about damages. Whether you look at it from a legal standpoint of who was a party to the loan agreement and who wasn't, or you look at it from the practical, factual standpoint of who, was there any actual damage, there wasn't a fact issue raised by Mr. Hill's declaration. Even if you want to suspend your disbelief and say that it was made in good faith. So it's just, there aren't any damages. Let's see, what else do I want to talk about? I think I talked for a moment about the abandonment issue. That, frankly, it doesn't concern me, but on the other hand it does. There are two sub-issues. One is whether the judgment in favor of the BAM, that was the third set of lawyers that was appealed to this court, was a final judgment that ended off further litigation in case number 2269. I frankly, at the time that the notice of appeal was given, I thought to myself, the court's going to bounce this case because it's not a final judgment. And I was surprised that it didn't. The court dismissed the case because Mr. Hill had expressly agreed that the judgment of the district court would be final and that there would be no appeal from that judgment. But the fact that this court, I don't know whether you consider the appeal on the merits or not, but what Mr. Hill did by appealing to this court cannot conceivably convert that judgment into a final judgment. We had nothing to do with that. We had no influence on whether Mr. Hill appealed the judgment in favor of the BAM. Let's see, it was a blue Aldous and Maloof consortium of lawyers who were the final lawyers that negotiated the settlement. So the court could have indulged and heard the appeal as an interlocutory appeal, although the procedural hoops were not necessarily followed. But in any case, to hold us responsible for that doesn't seem to me to be fundamentally fair. The other leg of that abandonment argument is that we sat on our rights. The fact of the matter is, as counsel correctly observed, the parties had settled this case, and it wasn't until Judge Lindsey's ruling in the number 2020 case that blew up the settlement that we have any reason to proceed with this case. And we did, at least I think we did, proceed with due celerity in pursuing our claim in this case. To say that abandonment occurred under the facts of this case is just simply not right. The cases relied on by appellant, or the case relied on by appellant, the Vaughn case, was a case involving only two parties. This was at the stage that the judgment was rendered in favor of the BAM attorneys. It was a multi-party case. There were numerous claims in addition to ours still pending at that time. And as we note in our brief, looking at Judge Lindsey's June, I believe, 2016 order, saying that I don't want to hear any more motions, you've got to ask for leave of court if you're going to file another motion, pretty much indicates that Judge Lindsey didn't think that he was signing a final judgment disposing of all issues and all parties in this litigation when he signed the judgment in favor of BAM that was improvidently appealed to this court. Why would Judge Lindsey say that, and I should add or interject that the judgment in 2269 that was appealed to this court did not say it was a final judgment. So if the test is to ascertain the intent of the district court with respect to the judgment, it seems clear to appellee that Judge Lindsey did not intend it to be a final judgment. Judge Lindsey went ahead and proceeded to dispose of the other claims and finally to dispose of our claim, which is what brings us here today. On the counterclaim, I think we've disposed of that, so I'll give the court back a couple of minutes. Thank you. Thank you, Mr. Fishman. Mr. Lippe, you've saved time for rebuttal. Thank you, Your Honor. I plead guilty. Yes, we are asking the court to consider de novo the grant of summary judgment. Smith v. Regional Transportation Authority, 827F 3rd 412 in 2016, this court recognized that you review grants of summary judgment de novo. The court reviews grants of refusal or denial to grant a 56F or D continuance as an abuse of discretion standard. Those are the standards of review, and we're not asking the court to do anything different than what the law says. Now, what about the summary judgment evidence? On the one hand, we have an affidavit by an attorney, an attorney for a party, who says that he's also the liquidator who doesn't explain the basis of his alleged personal knowledge. On the other hand, we have the guarantor's declaration that is absolutely stricken and totally disregarded. Now, I take umbrage at the assertion that my client lied to the district court or to the magistrate judge. That's just absolutely false. If you look at the declaration, the original declaration, it does not say, I lost Bicklin Brewer as my counsel because the lender refused to make any further funding. He doesn't say that. Document 590 filed under the ECF number, deprived of the necessary source of funding for the underlying litigation. I was no longer able to pay my attorneys in the underlying litigation. As a result, I was forced to retain counsel who would charge me on a contingency basis. First, I hired Campbell, Harrison, and Dagley. I terminated them for cause and retained the other law firm to represent me. And he said this was the direct result of my funding being temporarily cut off. He did not say Bicklin Brewer failed to continue as his counsel because of the failure to fund. And so to interpret his declaration as saying that and then say that I'm going to strike that declaration because it was made in bad faith is an example of bad faith, but not on the part of the declarant. Now, he explained that. If it needed any explanation, in the supplemental declaration that was tendered to the district court, he said what I meant when I said in my original declaration that I was no longer able to pay my attorneys in the underlying litigation was not just with reference to Bicklin Brewer. Rather, I meant that I could not hire any attorneys on an hourly basis. The other firms I attempted to hire wanted a hefty retainer, which I could not provide, and to be paid on a current hourly basis. That's why he signed a note to borrow $5 million to finance this hard-fought and protracted litigation. He didn't get the last $2.5 million of the funding. It was a breach. Well, why was there a breach? The evidence indicated the stock market crashed and this hedge fund was short of money, so they couldn't continue funding. There's nothing in the record to indicate that there was any wrongdoing on the part of Mr. Hill or of Autre Investments, the maker of the note, to justify the funding. So what we have here is a summary judgment that was granted out of the blue based upon an attorney's affidavit that didn't demonstrate personal knowledge, a total refusal to credit, the declarations that were submitted in support of counterclaims. We have a clear situation where there was an intended third-party beneficiary, namely Mr. Hill, of the loan that was obtained. We have wrongful conduct by the lender, which under New York law, is recognized as justifying a defense to the guarantee. Now, we had a Rule 56D, now F motion for continuance, that did specify the five levels that I explained in my initial presentation, that did specify the type of additional information that was necessary. Counsel wants to say that we were at fault for filing our response to the summary judgment two weeks late. The magistrate judge granted leave to do that, yet they went for years without answering the counterclaim. We respectfully request that the case be reversed to allow further discovery and to allow presentation of the defenses. Thank you, Mr. Libby. Your case is under submission.